## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE RUDY, | ) | |
| | ) | Civil Action No. 2:22-cv-1677 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TAPESTRY SENIOR HOUSING | ) | *ELECTRONICALLY FILED* |
| MANAGEMENT, | ) | |
| | ) | |
| Defendant. | | |

### NOTICE OF REMOVAL

To:    The Honorable Judges of the United States District Court
       for the Western District of Pennsylvania

Defendant, Tapestry Senior Housing Management ("Defendant"), in accordance with the applicable Federal Rules of Civil Procedure and Title 28 of the United States Code §§ 1331, 1441, and 1446, files this Notice of Removal and removes the action entitled "*Jane Rudy v. Tapestry Senior Housing Management*, Case No. AR-22-3416" that was originally filed in the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania, to the United States District Court for the Western District of Pennsylvania. Removal of this action is based upon the following:

### BACKGROUND

1.    Plaintiff, Jane Rudy ("Plaintiff"), instituted this action in the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania, by filing a Complaint on October 7, 2022.  A true and correct copy of the Complaint filed by Plaintiff in the state-court action is attached as Exhibit A.

2.      Plaintiff emailed Defendant's attorney a copy of what she purported to be the filed Complaint on October 29, 2022 and served Defendant with the Complaint on November 1, 2022.[1]

3.      Defendant has not, to date, filed an answer or other pleading in the Court of Common Pleas of Allegheny County.

## VENUE

4.      The Court of Common Pleas of Allegheny County, where Plaintiff's Complaint was filed, is within this Court's District.  This action is therefore properly removable to this Court under 28 U.S.C. § 1446(a).

## REMOVAL IS PROPER
## BASED ON FEDERAL QUESTION JURISDICTION

5.      Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction over all actions arising under federal law.

6.      The Court has original jurisdiction over this action the Complaint raises claims based on two federal statutes, the Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act of 1964.  *See* Exhibit A.

7.      Specifically, Counts II-IV of the Complaint allege violations of the ADEA.  *See* Exhibit A at pp. 3- 4 of the Complaint.  Count V alleges sex discrimination in violation of Title VII.  *Id.* at p. 4.   In addition, despite being filed in state court, the Complaint contains a section labeled "Jurisdiction of the Federal Court" conceding that these claims should be properly brought in Federal Court.  *Id.* at p. 1.  Moreover, the damages Plaintiff seeks in the "Remedies" section of her Complaint, all reference damages that may be awarded under Federal statute. *Id.* at p. 5.

---

[1] The version of the Complaint emailed to Defendant's counsel on 10/29 appears to be a draft and is different from what was served on Defendant on 11/1.  Exhibit A is the complete package of what Defendant was served on 11/1 and contains the filed version of the Complaint.  The page references to Exhibit A contained in this Notice are to the page numbers of the Complaint itself.

8.     In addition to her claims under federal law, Plaintiff also brings claims for "Declaratory Judgment" and "Breach of Contract and/or Bad Faith Breach of Contract." *See id*. at pp. 3, 5.

9.     As pleaded, all of Plaintiff's claims derive from a "'common nucleus of operative fact.'" *City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 165 (1997) (quoting *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

10.     Accordingly, Plaintiff's federal and state law claims form part of the same case or controversy so that this Court may exercise supplemental jurisdiction over Plaintiff's state law claim.  28 U.S.C. § 1367(a); *see also* 28 U.S.C. § 1441(c).

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

11.     Based on the date of Plaintiff's email to Defendant's counsel and service of the Complaint, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b), in that Defendant has removed within 30 days of receipt of the Complaint from which Defendant could ascertain that this action is removable.

12.     Copies of all process, pleadings, orders, and other papers or exhibits of every kind currently on file in the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania, are attached to this Notice of Removal as Exhibit B, in accordance with 28 U.S.C. § 1446(a).

13.     Upon filing this Notice of Removal, Defendant will provide a written notification to Plaintiff and will file a Notice of Filing of Notice of Removal with the clerk of the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania. A copy of the Notice of Filing of Notice of Removal is attached as Exhibit C (without exhibits).

3

14.    Defendant files this Notice without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has stated claims upon which relief can be granted, and without conceding that Plaintiff is entitled to any damages against Defendant in any amount.

WHEREFORE, Defendant requests that the United States District Court for the Western District of Pennsylvania accept the removal of this action from the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania and direct that the Allegheny County Court of Common Pleas have no further jurisdiction over this matter.

Dated:  November 28, 2022

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Andrew Maunz*
Andrew F. Maunz (PA ID 329674)
Andrew.maunz@jacksonlewis.com
Liberty Center, Suite 1000
1001 Liberty Avenue
Pittsburgh, PA 15222
(412) 232-0404
(724) 923-4160 *facsimile*

*Counsel for Defendant*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 28, 2022, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system, and have provided a courtesy copy to Plaintiff's counsel of record at the following address, via email:

Sharon L. Wigle
Sharon Lawruler, LLC
471 Hill Churches Rd
Latrobe, PA 15650
Sharon@lawruler.onmicrosoft.com

*/s/ Andrew Maunz*
Andrew Maunz