## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE RUDY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.  2:22-cv-1677 |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| TAPESTRY SENIOR HOUSING | ) | |
| MANAGEMENT, | ) | ECF No.  29 |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Currently pending before the Court is Defendant's Motion to Dismiss (ECF No. 29) the Second Amended Complaint.  For the reasons set forth below, the Court will grant Defendant's Motion to Dismiss and will dismiss the Second Amended Complaint with prejudice.

I.      **RELEVANT FACTS & PROCEDURAL HISTORY**

Initially Plaintiff Jane Rudy filed a Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") against Defendant Tapestry Senior Housing Management ("Tapestry"), which was sent to the Equal Employment Opportunity Commission ("EEOC") for dual filing purposes.   *See* Pl.'s PHRC Complaint, Ex. A attached to Def.'s Mot. to Dismiss, ECF No. 30-1.   In her Charge of Discrimination, Plaintiff alleged age and gender discrimination as well as retaliation.  On July 5, 2022, the EEOC issued a Determination and Right to Sue Notice, in which Plaintiff was informed that if she chose to file a lawsuit, it must be filed within 90 days of receipt of the Notice and that her right to sue will be lost if she does not file a lawsuit in court within 90 days.  *See* Ex. B attached to Def.'s Mot. to Dismiss, ECF No. 30-2 at 2.  In her opposition brief in response to Defendant's motion to dismiss Plaintiff's Amended

Complaint, Plaintiff admits that she received the Right to Sue Notice from the EEOC on July 8, 2022.  ECF No. 20 at 2.

On October 7, 2022, ninety-one (91) days after receiving the Right to Sue Notice, Plaintiff commenced this employment discrimination lawsuit by filing her original complaint in the Allegheny County Court of Common Pleas.  Tapestry removed the lawsuit to this Court on November 28, 2022.  Before an answer was filed, Plaintiff filed an Amended Complaint (ECF No. 13) on January 7, 2023.  In response, Tapestry filed a Motion to Dismiss the Amended Complaint, to which Plaintiff filed a brief in opposition.  ECF Nos. 15, 20.  The Court held an initial case management conference on February 13, 2023 to discuss the issues raised in Tapestry's Motion to Dismiss.  Plaintiff requested leave to file a second amended complaint to which Tapestry objected.  ECF No. 23.  The Court informed Plaintiff that she could file a Motion to File the Second Amended Complaint and that she would need to file a detailed affidavit setting forth the reasons for the late filing of the complaint.  *Id.*

On February 19, 2023, Plaintiff filed the Motion to Amend the Complaint, attaching the proposed second amended complaint and her affidavit explaining the reasons for the late filing.  ECF Nos. 24 & 24-2.  Tapestry filed a brief in opposition.  ECF No. 25.  After consideration of the parties' filings, the Court granted Plaintiff's motion for leave to amend her complaint.  ECF No. 26.  However, in its order, the Court noted that this would be the last time Plaintiff would be allowed to amend her complaint.  *Id.* at 4 n. 1.

Thereafter Plaintiff filed her Second Amended Complaint ("SAC") on April 20, 2023.  ECF No. 27.   In her SAC, Plaintiff asserts three claims:  age discrimination (Count I), unlawful retaliation under the ADEA (Count III), and sex discrimination (Count V).[1]  The SAC provides

---

[1]Plaintiff did not renumber the Counts after she removed some of her claims from the SAC.

minimal factual allegations of age discrimination which focus mainly on a subordinate female employee who was younger and treated better than Plaintiff.  ECF No. 27 at 2-3, ¶¶ 10, 13.  The SAC also mentions a white younger male replacing her but does not allege any supporting facts. *Id.* at 3, ¶ 13. The SAC contains no factual allegations but only conclusory allegations in support of her retaliation and sex discrimination claims.  *Id.* at 4-5, ¶¶ 16-22.

Defendant now moves to dismiss the SAC arguing that Plaintiff's claims are time-barred. ECF No. 29.  In the alternative, Defendant argues that the SAC should be dismissed as Plaintiff has failed to plead sufficient facts to show plausible claims for age and sex discrimination as well as retaliation.  Plaintiff has filed a brief in opposition, to which Defendant has filed a reply.  ECF Nos. 33-34.  Defendant's motion is now ripe for disposition.

## II.   **LEGAL STANDARD**

The United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element*." Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir. 2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

"In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as 'documents that are attached or submitted with the complaint, ... and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *State College Area Sch. Dist. v. Royal Bank of Canada*, 825 F.Supp.2d 573, 577–578 (M.D.Pa.2011) (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir.2006)).  *See also Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir.1993) (citations omitted).  This includes documents that are "integral to or explicitly relied upon in the complaint," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997), such as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," *Pension Benefit Guar. Corp.*, 998 F.2d at 1196.  Consideration of such documents will not convert the motion to dismiss into a motion for summary judgment.

This District Court and others have held that an EEOC charge of discrimination and the related documents are public records which may be considered. *See, e.g., Branum v. United Parcel Serv., Inc*., 232 F.R.D. 505, 506 n. 1 (W.D.Pa.2005); *Burkhart v. Knepper*, 310 F.Supp.2d 734, 741–42 (W.D.Pa.2004). *See also Hercik v. Rodale, Inc*., 2004 WL 1175734, * 1 (E.D.Pa. May 24, 2004); *Tlush v. Mfrs. Res. Ctr*., 415 F.Supp.2d 650, 654 (E.D.Pa.2002) ("[I]n resolving a 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records.... Under this standard, administrative filings, such as the record of the case before the EEOC, may be considered by the court without converting the motion to dismiss into a motion for summary judgment.").

III.   **DISCUSSION**

"A plaintiff bringing an employment discrimination claim under Title VII must comply with the procedural requirements set forth in 42 U.S.C. § 2000e–5. Pursuant to that provision, a Title VII complainant has 90 days from the receipt of an EEOC right-to-sue letter to bring an action in court." *Williams v. East Orange Comm. Charter Sch.*, 396 F. App'x 895, 897 (3d Cir. 2010)(citing 42 U.S.C. § 2000e–5(f)(1), and *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir.1999)).  Similarly, the ADEA requires that a civil action be filed within ninety days after receiving the EEOC's Notice.  *See* 29 U.S.C. § 626(e).

The ninety-day time limit "is akin to a statute of limitations rather than a jurisdictional bar. Therefore, the time limit is subject to tolling." *Seitzinger*, 165 F.3d at 239-40 (citing *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982)).   The Court of Appeals in *Seitzinger* observed:

> The Supreme Court has held that equitable tolling may be appropriate when a claimant received inadequate notice of her right to file suit, where a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that she had done everything required of her. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). In *United States v. Midgley*, 142 F.3d 174 (3d Cir.1998), we expressed a willingness to invoke equitable tolling in a number of other circumstances: when the defendant has actively misled the plaintiff; when the plaintiff "in some extraordinary way" was prevented from asserting her rights; or when the plaintiff timely asserted her rights in the wrong forum. *See id*. at 179; *Oshiver*, 38 F.3d at 1387. *See also Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 618 (3d Cir.1998) (equitable tolling is an appropriate remedy when principles of equity would make a rigid application of the statute of limitations unfair); *Shendock v. Office of Workers' Compensation Programs*, 893 F.2d 1458, 1462 (3d Cir.1990) (same).

*Id*. at 240; *see also Weis-Buy Servs., Inc. v. Paglia*, 411 F.3d 415, 424 (3d Cir. 2005) (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)).  A plaintiff bears the burden of demonstrating that equitable tolling is warranted.  *Courtney v. LaSalle Univ.*,

124 F.3d 499, 505 (3d Cir. 1997)(citation omitted).  Moreover, the *Seitzinger* court noted that it previously "emphasized the importance of adhering to the EEOC's ninety-day filing period, holding that 'in the absence of a recognized equitable consideration, the court cannot extend the limitations period **by even one day**.'"  165 F.3d at 240 (emphasis added)(quoting *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 253 (3d Cir.1986)(citations omitted)); *see also Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001)(in the absence of an equitable basis for tolling, "a civil suit filed **even one day late** is time barred and may be dismissed.")(emphasis added)[2].

In support of its argument that Plaintiff's lawsuit is time-barred, Tapestry points out that Plaintiff admits that she received the Right to Sue Notice on July 8, 2022 and filed her original Complaint on October 7, 2022, ninety-one days later.  Tapestry further argues that the SAC fails to offer any facts, details, or support to show that one of the equitable tolling circumstances exists here.  ECF No. 30 at 7-8.  As such, Tapestry maintains that this lawsuit is time-barred and should be dismissed with prejudice.

In response to Defendant's argument, Plaintiff submits that she should be afforded *nunc pro tunc* relief and an extension of the statute of limitations and cites Pennsylvania case law and the Pennsylvania Rules of Appellate Procedure in support.  However, as Tapestry correctly notes, the equitable principle of *nunc pro tunc* applies to untimely *appeals* taken in Pennsylvania state court.  *See Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001) ("[W]hen a party has filed an untimely notice of appeal . . . appellate courts may grant a party equitable relief in the form of an appeal *nunc pro tunc* in certain extraordinary circumstances.")(citation omitted).  Such relief is not appropriate here as this case does not involve an untimely appeal to a Pennsylvania appellate

---

[2] Although the Court is sympathetic to Plaintiff in that the delay was only one day, as is apparent from the caselaw, its hands are tied.

court and federal not state law applies in cases brought in federal court asserting violations of federal statutes.

Plaintiff also advances the argument that exceptional circumstances prevented her from filing this lawsuit on time, and thus requests the Court to equitably toll the limitations period. Plaintiff submits that her attorney attempted to file the original Complaint from October 1-6, 2022, but that it "was rejected because the scanner could not read the complaint, because the format was improper and because the complaint would not process." Aff. of Sharon Wigle, ECF No. 24-2; *see also* Pl.'s Br. in Opp'n, ECF No. 33 at 2-3. Plaintiff argues that this amounts to a breakdown in the judicial system and non-negligent circumstances on the part of counsel which caused the delay in filing her complaint in state court, which qualifies as an exceptional circumstance thus warranting equitable tolling.[3] ECF No. 33 at 6. The Court disagrees. The asserted reasons for the delay do not show a breakdown in the judicial system as Plaintiff contends. Instead, it appears that the "breakdown" was on counsel's end in trying to navigate the court of common pleas' electronic filing system over a six-day period, October 1-6.

At most, Tapestry submits that what Plaintiff alleges happened here is nothing more than garden variety excusable neglect. The Court agrees. In considering what constitutes extraordinary circumstances for equitable tolling purposes, the Supreme Court has instructed that "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect" by an attorney. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). For example, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *See Fahy*

---

[3] The Court notes that Plaintiff does not assert any of the reasons in support of her delay in filing this lawsuit in her SAC. Rather, these assertions are set forth in an affidavit attached to her Motion for Leave to Amend the Complaint (ECF No. 24-2) and in her brief in opposition to the motion to dismiss (ECF No. 33 at 2-3).

*v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)(citation omitted).  The Court finds that counsel's inability to navigate the electronic filing system of the court of common pleas does not rise to the level of an extraordinary circumstance required for equitable tolling but merely amounts to an attorney error.  Moreover, Plaintiff does not allege extreme misbehavior on the part of her counsel, "such as outright abandonment of a client after undertaking representation or affirmatively misrepresenting to the client that a case is being prosecuted when it is not[,]" where the courts have found equitable tolling appropriate.  *Buckalew v. EBI Cos.*, No. Civ. A. 01-3232, 2002 WL 1335110, at * 5 (E.D.Pa. June 5, 2002)(citing *Seitzinger*, 165 F.3d at 240-41).  Nor do Plaintiff's council's proffered reasons for the delay imply a bureaucratic delay that the court of appeals *in dicta* has suggested may be sufficient to demonstrate an extraordinary circumstance. *See Kocian v. Getty Refining & Marketing Co.*, 707 F.2d 748, 754 (3d Cir. 1983) (noting that EEOC's delay in mailing the charge to plaintiff may have supported equitable tolling had plaintiff returned the signed charge without further delay).

As Plaintiff has not demonstrated that any of the circumstances justifying equitable tolling are present here and certainly are not asserted in the SAC, the Court finds that Plaintiff is not entitled to equitable tolling.  As such, the Court finds that this civil action is time-barred and will grant Defendant's motion to dismiss. [4]

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, the Court will grant Defendant's Motion to Dismiss the Second Amended Complaint and will dismiss this action with prejudice.

An appropriate order will follow.

---

[4] The Court notes that even if it had not found that this action is time-barred, Defendant asserts cogent arguments in support of dismissal of Plaintiff's discrimination and retaliation claims on the merits.  In addition, Plaintiff was afforded three opportunities to adequately plead her claims and was informed that no further amendments of her pleading would be allowed.

Dated:  September 14, 2023                    BY THE COURT:

                                                 _____

                                                 LISA PUPO LENIHAN
                                                 U.S. Magistrate Judge